# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| REGENIA TOWNSEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 07-00627-CV-W-FJG |
| KANSAS CITY AREA TRANSPORTATION AUTHORITY, et al., | ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court is Plaintiff's Motion to Remand Case to State Court (Doc. No. 27); Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Can be Granted (Doc. No. 30); Defendant's Motion for Extension of Time to Complete Plaintiff's Deposition (Doc. No. 33); and Plaintiff's Motion for Extension of Time to File Stipulated Facts, Witnesses and Exhibit Lists (Doc. No. 35). Each motion will be addressed below.

**I.    Background**

The present suit was removed to this Court from the Jackson County Circuit Court on August 28, 2007, by defendant Kansas City Area Transportation Authority ("KCATA") (Doc. No. 1). Defendant removed this action based upon federal question jurisdiction pursuant to 28 U.S.C. §1446(b). Plaintiff Regenia Townsel filed this action in state court on November 23, 2005. Plaintiff sued KCATA and defendant Checker Suburban, Inc., d/b/a as Checker Cab Company ("Checker") in state court, but failed to complete service against defendant Checker. Plaintiff has not served defendant Checker in the federal or state action. Plaintiff then filed her amended petition on April 4, 2006 after the Jackson County Circuit Court granted her motion to ratify filing of her amended petition on August

13, 2007. (See, Defendant's Exhibit C to Defendant's Notice of Removal, Doc. No. 1). In plaintiff's amended petition, plaintiff alleges claims of negligence and discrimination under the Americans with Disabilities Act ("ADA") against KCATA, and alleges negligent hiring and negligence claims against defendant Checker. Plaintiff states she is disabled and used the Share-A-Fare Program for her transportation needs as proscribed by the ADA, which is intended to provide complementary transportation services to disabled citizens. Defendant KCATA contracted with a privately owned taxicab company, Checker, to provide these transportation services. Plaintiff alleges, among other things, that she was sexually harassed, verbally abused, and physically assaulted while she was a passenger in a Checker cab and that KCATA failed to provide safe and sanitary traveling conditions for plaintiff.

Plaintiff filed a motion to remand on April 22, 2008 (Doc. No. 27). Plaintiff's motion to remand is timely because a motion to remand can be brought after the 30-day filing requirement under 28 U.S.C. § 1447(c) if it is based upon the lack of subject matter jurisdiction.

**II.    Standard of Review**

> It is the defendant's burden to prove that removal is proper and that all prerequisites are satisfied. See generally, Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). The removal statute is to be narrowly construed, and any doubt about the propriety of removal is resolved in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Business Men's Assur. Co. of America, 992 F.2d 181, 183 (8th Cir. 1993). Any technical defect in the removal procedure requires a remand unless the plaintiff fails to move for a remand within thirty days of removal. In re Amoco Petroleum Additives, Co., 964 F.2d 706, 708 (7th Cir. 1992); Carroll v. Gold Medal of Tennessee, Inc., 869 F.Supp. 745, 746 (E.D.Mo. 1994).

Williams v. Safeco Insur. Co. of America, 74 F.Supp.2d 925, 928 (W.D.Mo. 1999). "Since

removal to federal court is a statutory right, and not one granted under the Constitution, removal jurisdiction must be narrowly construed in favor of the non-removing party." Jeffrey Lake Development Inc. v. Central Nebraska Public Power & Irrigation Dist., No. 7:05CV5013, 2005 WL 2563043, *2, 2005 U.S. Dist. LEXIS 30028, *7 (D. Neb. Oct. 11, 2005), citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100,107-09 (1941).

**III.   Discussion**

Plaintiff seeks remand of this matter to Jackson County Circuit Court because defendant KCATA admitted it is not the real party in interest in this action. Defendant admitted it was not the real party in interest in its answers to plaintiff's First Request for Interrogatories. Plaintiff argues that since defendant is not the real party in interest, this Court lacks subject matter jurisdiction. Defendant responded admitting it was not the real in party interest, but argued that the remedy should be dismissal of plaintiff's case rather than remand. Defendant contends that since it is the only defendant plaintiff has served, plaintiff has no basis to sustain this lawsuit given that both parties admit defendant KCATA is not the real party in interest. Further, defendant claims it is not the real party in interest because it entered into an independent contract or agreement with Checker and Checker was responsible for performing under the contract.

Upon review of the parties' pleadings, the Court agrees that remand is the appropriate remedy in this matter. Both parties admit that defendant KCATA is not the real party in interest. Thus, the only party left in this action is defendant Checker. Although the Court has subject matter jurisdiction to hear plaintiff's ADA claims, plaintiff's petition does not allege an ADA claim against defendant Checker. The ADA claim was only alleged against KCATA, which is not the real party in interest. Therefore, since there is no federal

3

claim asserted against the remaining defendant Checker in this matter, this Court no longer has subject matter jurisdiction to hear this case. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." §1447(b). Plaintiff's motion to remand is hereby **GRANTED**.

## IV. Conclusion

Accordingly, for the foregoing reasons, plaintiff's motion to remand (Doc. No. 27) is **GRANTED** and Defendant's Motions to Dismiss for Failure to State a Claim Upon Which Can be Granted (Doc. No. 30) is **DENIED**. The following remaining pending motions are hereby **DENIED AS MOOT**: Defendant's Motion for Extension of Time to Complete Plaintiff's Deposition (Doc. No. 33); Plaintiff's Motion for Extension of Time to File Stipulated Facts, Witnesses and Exhibit Lists (Doc. No. 35); and Defendant's Motion for Summary Judgment (Doc. No. 31). This case is hereby remanded to the Jackson County Circuit Court for further proceedings.

**IT IS SO ORDERED.**

Date: 6/19/08  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge